UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NATHAN WELLS JR.,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. C09-1137-JCC-BAT
(CR07-346-JCC)

**REPORT AND RECOMMENDATION**

## I. INTRODUCTION

Petitioner has filed a 28 U.S.C. § 2255 motion to vacate and correct the sentence imposed in CR07-346-JCC. Dkt. 1.[1] He claims (1) "The Court miscalculated sentencing factor of 18 U.S.C. § 3553(a)(9)"; (2) "The Court improperly aggravated a two-point upward adjustment [for 10 or more victims] without explanation"; (3) His lawyer was ineffective regarding his plea agreement; (4) His lawyer was ineffective for failing to file a notice of appeal; (5) "The Court failed to treat four convictions as 'related' in conjunction with the United States Sentencing Guidelines 4A1.2(a)(2)"; and (6) "Counsel was ineffective for not objecting to Pre-sentence Investigation Report, as it relates to PSI's calculation of Criminal History Score." *Id.* at 5-10C.

---

[1] Dkt. refers to C09-1137-JCC-BAT; CR. refers to CR07-346-JCC, the underlying criminal conviction.

REPORT AND RECOMMENDATION- 1

In response, the United States argues the motion should be dismissed as untimely, that pursuant to a plea agreement, petitioner waived his right to appeal or collaterally attack his sentence and that petitioner's claims are unsupported and should be dismissed. Dkt. 11. In support of its arguments, the United States submitted two declarations from petitioner's trial lawyer. Dkt. 17, 20. The matter has been referred to United States Magistrate Judge Brian A. Tsuchida. Dkt. 4.

After careful consideration of the record, the Court recommends that the § 2255 motion be deemed to be timely filed for equitable reasons and claims one, two, and five be denied and dismissed because petitioner waived his right to collaterally challenge his sentence. If the Court adopts this recommendation, the Court further recommends that an evidentiary hearing should be scheduled regarding petitioner's claims that his lawyer was ineffective for failing to file a timely notice of appeal; advising petitioner to stipulate to the 2 point enhancement for 10 or more victims; and not objecting to the criminal history category calculation. On the other hand, if the Court concludes petitioner is not entitled to equitable tolling of the statute of limitations, his motion should be dismissed.

## II. BACKGROUND

### A. Criminal Proceedings

Pursuant to a Plea Agreement, petitioner pled guilty to conspiracy to commit bank and wire fraud. CR. 51. The Plea Agreement contains an appeal waiver which states:

> As part of the Plea Agreement and on the condition the Court imposes a sentence that is within or below the Sentencing Guidelines range that is determined by the Court at the time of sentencing, Defendant waives to the full extent of the law:
>
> a. Any right conferred by Title 18, United States Codes, Section 3742 to appeal the sentence, including any restitution order imposed; and

                    b. Any right to bring a collateral attack against the conviction and sentence including any restitution order imposed, except as it may relate to the effectiveness of legal counsel.

*Id*. at 9.

On May 16, 2008, the Court sentenced petitioner to the bottom of the advisory guideline range, 70 months of imprisonment. The Court also ordered five years of supervised release and restitution. CR. 78. Petitioner did not file a notice of appeal.

**B.**     **Section 2255 Proceedings**

On August 10, 2009, the Court received petitioner's §2255 motion. Dkt. 1. As noted above, petitioner raises six claims for relief; claims 1, 2, and 5 allege that the sentencing judge committed error. The remaining claims allege petitioner's trial lawyer was ineffective. Because claims 1, 2, and 5 are barred by petitioner's appeal waiver and because an evidentiary hearing should be scheduled as to petitioner's claims his lawyer was ineffective, a complete discussion of these claims is not necessary at this point.

### III.    DISCUSSION

**A.**     **Petitioner's Motion Should be Deemed Timely For Equitable Reasons**

Under 28 U.S.C. § 2255(f), a one-year period of limitations applies to § 2255 motions. The one-year limitations period runs from the latest of (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making the motion created by government action is removed; (3) the date on which the right asserted was initially recognized by the Supreme Court; or (4) the date on which the facts supporting the claims could have been discovered by the exercise of due diligence. *Id.*

Petitioner was sentenced on May 16, 2008. The one-year statute of limitations for a § 2255 motion begins to run upon the expiration of the time during which petitioner could have

REPORT AND RECOMMENDATION- 3

sought review by direct appeal, which in this case is May 26, 2008. *See United States v. Schwarz*, 274 F.3d 1220, 1223 (9th Cir. 2001). Because the Court received petitioner's § 2255 motion on August 10, 2009, more than one year after his conviction became final, the United States argues the motion should be dismissed as time barred.

However, the date the court received petitioner's motion does not resolve whether the motion is untimely. As discussed below, there are equitable reasons to conclude petitioner timely filed his § 2255 motion.

Section 2255's statute of limitations is subject to equitable tolling. *U.S. v. Battles*, 362 F.3d 1195, 1197 (9th Cir. 2004). Equitable tolling "is appropriate only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Id*. In this case, petitioner submitted a declaration explaining why his motion was received by the Court in August 2009. Dkt. 1. The government has not submitted anything contradicting the declaration.

Petitioner avers he initially delivered his motion to prison authorities for mailing to the Court on May 16, 2009. Dkt. 1, decl. in support. Under the prison mailbox rule, a prisoner's § 2255 motion is deemed filed at the time the prisoner delivers it to prison authorities for mailing to the court. *See Huizar v. Carey*, 272 F.3d 1220, 1222 (9th Cir. 2001).

Petitioner avers he mailed the motion using the address the "Education Administrative Staff at FCI Herlong provided." Dkt. 1, decl. in support. Unbeknownst to petitioner, that address was out of date. The postal service consequently returned petitioner's motion with a label stating "forwarding order expired." *Id.* Petitioner avers that after the motion was returned, he could not immediately re-mail it because the prison would not pay for postage and he "was without the physical means for acquiring the proper pre-paid postage." *Id.* As a result, petitioner

REPORT AND RECOMMENDATION- 4

did not deliver his motion to prison authorities for mailing until August 4, 2009. *Id*.

Based on this record, the only reason petitioner's motion was not received by the court in May 2009 is the prison staff provided petitioner the wrong mailing address. Had the prison staff given petitioner the right address, there would be no question that the motion was timely filed. Because equitable tolling is appropriate where a petitioner is affirmatively misled either by the court of by the State, the Court concludes petitioner's motion should be considered timely. *See Pliler v. Ford*, 542 U.S. 225, 235 (2004) (O'Connor J., concurring) and *Harris v. Carter*, 515 F.3d 1051, 1056 (9th Cir. 2008) (petitioner who relied on erroneous ruling entitled to equitable tolling).

The Court concludes petitioner's motion should be considered timely on equitable grounds notwithstanding the fact that petitioner did not immediately re-mail the motion upon its return to him by the postal service. The Court does not find this evidences a lack of diligence on petitioner's part, something which would be fatal to any request for equitable tolling. As petitioner averred in his declaration, the reason he did not re-mail the motion immediately is he lacked postage and the prison was unwilling to pay the postage costs. The Court concludes petitioner was unable to re-mail his motion immediately for reasons outside of his control and that the one to two month delay in re-mailing the motion is not so lengthy that it per se establishes a lack of diligence. It may be that there is evidence showing petitioner was not diligent and could have re-mailed the motion earlier but no such evidence has been presented to the Court thus far.

**B. Petitioner Has Waived His Right To Collaterally Attack His Sentence**

Petitioner's claims 1, 2 and 5, allege the Court at sentencing committed error. Specifically, petitioner claims the Court: (1) "Miscalculated sentencing factor of 18 U.S.C.

§ 3553(a)(9)"; (2) "Improperly aggravated a two-point upward adjustment [for 10 or more victims] without explanation"; and (5) "Failed to treat four convictions as 'related' in conjunction with the United States Sentencing Guidelines 4A1.2(a)(2)." Dkt. 1 at 5-10C.  These claims should be dismissed because petitioner waived his right to collaterally attack his sentence.  Petitioner signed a Plea Agreement waiving his right to appeal or collaterally attack his sentence.  A defendant's waiver of the right to appeal or collaterally attack her sentence is enforceable if "(1) the language of the waiver encompasses the defendant's right to appeal on the grounds claimed on appeal, and (2) the waiver is knowingly and voluntarily made." *United States v. Martinez*, 143 F.3d 1266, 1270-71 (9th Cir. 1998) (citations and quotation omitted).

Petitioner's Plea Agreement contains a clear and unambiguous waiver of the right to appeal or bring a collateral attack except as to the effectiveness of counsel.  CR. 51 at 9.  The waiver was conditioned on imposition of a sentence within the Sentencing Guidelines range determined by the sentencing judge.  *Id*.  Because petitioner received a sentence at the low end of the range found by the sentencing judge, the waiver applies with full force.

Petitioner also knowingly and voluntarily consented to the Plea Agreement's express terms.  The plea agreement, which petitioner signed, states "Defendant acknowledges that he has entered into this Plea Agreement freely and voluntarily."  *Id.*  In addition, petitioner has failed to raise any issue as to the voluntariness of his appeal waiver in his § 2255 motion and therefore has waived that issue.  *See United States v. Nunez*, 223 F.3d 956, 958-59 (9th Cir. 2000).

Accordingly, because petitioner's waiver of appeal and right to bring a collateral attack in his signed Plea Agreement is unambiguous, and knowingly and voluntarily made, claims 1, 2 and 5 which regard alleged errors committed by the sentencing judge should be dismissed.  *See*

*United States v. Bolinger*, 940 F.2d 478, 480 (9th Cir. 1991).

**C.  An Evidentiary Hearing Should Be Held On Petitioner's Claims That His Trial Lawyer was Ineffective.**

The Court should hold an evidentiary hearing in a §2255 case unless "the motions and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *Frazer v. United States*, 18 F.3d 778, 781 (9th Cir. 1994). Petitioner alleges his trial lawyer was ineffective in three ways. First, he claims that his lawyer was ineffective regarding his plea agreement by misleading him "to take the plea agreement on false promises that the defendant would receive 41-51 months," and by persuading petitioner to stipulate to "more than 10 victims" even though there were fewer than 10 victims. Dkt. 1 at 8 (claim 3). Because the United States denies these claims, and there is insufficient evidence in the record for the Court to determine whether there are 10 or more victims in this case, an evidentiary hearing is necessary on this claim.

Second, petitioner claims his trial lawyer was ineffective for failing to file a notice of appeal. *Id.* at 9 (claim 4). Petitioner alleges he "conveyed his wishes to" his trial lawyer that he wanted to appeal the sentencing court's decision to impose a two level adjustment for more than 10 victims but that his trial lawyer "never complied with [his] request." *Id.* The United States denies this allegation. In support of its position, petitioner's trial counsel avers that petitioner did not ask him to file a notice of appeal and if he had, he would have done so notwithstanding the appeal waiver contained in the plea agreement. Dkt. 20. An evidentiary hearing is necessary to resolve these factual disputes.

And third, petitioner claims that his trial lawyer was ineffective for not objecting to the Pre-sentence Investigation Report regarding his Criminal History Score. Dkt. 1 at 10B (claim 6). Petitioner claims his convictions for violation of a protective order and theft in the first degree

REPORT AND RECOMMENDATION- 7

were 'related' and should have been counted as a single sentence. *Id*. The United States contends there were intervening arrests between these offenses and therefore, it was reasonable for trial counsel not to object to counting these convictions separately. Dkt. 17. Because the Court cannot determine based on the record before it whether there was an intervening arrest or not, an evidentiary hearing is necessary on this claim.

## IV. CONCLUSION

For the foregoing reasons, the Court recommends that petitioner's § 2255 petition be deemed timely filed for equitable reasons and claims **1, 2,** and **5** be **DENIED** and **DISMISSED** because petitioner waived his right to collaterally challenge his sentence.

The Court also recommends an evidentiary hearing be held regarding petitioner's claims that his lawyer was ineffective for failing to file a timely notice of appeal; advising petitioner to stipulate to the 2 point enhancement for 10 or more victims; and not objecting to the criminal history category calculation  A proposed order accompanies this Report and Recommendation.

DATED this 2nd day of December 2009.

BRIAN A. TSUCHIDA
United States Magistrate Judge