1           THE HONORABLE JOHN C. COUGHENOUR

2

3

4

5

6

7                   UNITED STATES DISTRICT COURT
                  WESTERN DISTRICT OF WASHINGTON
8                            AT SEATTLE

9

10   NATHANIEL WELLS, JR.,                    Case No. C09-1137-JCC-BAT

11                  Petitioner,               ORDER

12        v.

13   UNITED STATES OF AMERICA,

14                  Respondent.

15

16        The Court, having reviewed Petitioner's motion to vacate, set aside, or correct his

17   sentence under 28 U.S.C. § 2255 (Dkt. No. 1), the evidentiary-hearing materials (Dkt. Nos. 31,

18   21, 35), the report and recommendation of U.S. Magistrate Judge Brian A. Tsuchida (Dkt. No.

19   36), Petitioner's objections (Dkt. No. 38), and the remaining record, adopts the report and

20   recommendation, denies Petitioner's claims, dismisses the matter with prejudice, and denies

21   Petitioner a certificate of appealability for the reasons explained herein.

22        This Court must make a de novo determination of those portions of a magistrate judge's

23   report or specified proposed findings or recommendations to which a party objects. 28 U.S.C.

24   § 636(b)(1). Petitioner objects to several portions of the report and recommendation. First,

25   Petitioner objects to the report's statement that each count of aggravated identity theft carried a

26   mandatory sentence of two years that is generally served consecutively. (Objections 3 (Dkt.

ORDER, C09-1137-JCC-BAT
PAGE - 1

1    No. 38).) Petitioner does not dispute the accuracy of the statement but argues that it is

2    misleading because not all such sentences are served consecutively. (*Id.* at 4.) That some such

3    sentences may not be served consecutively is consistent with the use of the term "generally."

4    There is no error in the report.

5         Second, Petitioner objects to the report's conclusion that in order to establish prejudice,

6    Petitioner must demonstrate that he would have not pleaded guilty and would have insisted on

7    going to trial. (*Id.*) The Supreme Court and the Ninth Circuit have held that a petitioner

8    attempting to satisfy the prejudice prong of an ineffective-assistance-of-counsel claim in the

9    context of a guilty plea "must show that there is a reasonable probability that, but for counsel's

10   errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v.*

11   *Lockhart*, 474 U.S. 52, 59 (1985); *Chacon v. Wood*, 36 F.3d 1459, 1464 (9th Cir. 1994); *Iaea*

12   *v. Sunn*, 800 F.2d 861, 865 (9th Cir. 1986). Moreover, although Petitioner may have pleaded

13   guilty without conceding the two-point sentencing enhancement and still have received the

14   three-point reduction for acceptance of responsibility if he pleaded guilty "straight up," *see*

15   *United States v. Johnson*, 581 F.3d 994, 1000–01 (9th Cir. 2009), the likelihood of receiving a

16   three-point reduction through a plea agreement, instead of a two-point reduction without such

17   an agreement, was highly unlikely and certainly not a reasonable probability. *See* U.S.S.G.

18   § 3E1.1 (allowing a three-point reduction, instead of a two-point reduction, upon a motion by

19   the government for timely notification and assistance). Further, the plea agreement included

20   the dismissal of the additional counts that carried mandatory additional sentencing. The Court

21   cannot modify the plea agreement in Petitioner's favor as requested; it can only return

22   Petitioner to the negotiating table. Petitioner has not shown a reasonable probability of a

23   different outcome absent counsel's allegedly deficient performance.

24        Third, Petitioner objects to the report's conclusion that Petitioner misreads *United*

25   *States v. Pham*, 545 F.3d 712 (9th Cir. 2008). (Objections 5 (Dkt. No. 38).) This is merely an

26   objection of semantics. Petitioner's motion does not rise or fall on a reading of *Pham*, and the

ORDER, C09-1137-JCC-BAT
PAGE - 2

1   report accurately states its holding.

2   Fourth, Petitioner objects to the report's conclusion that Petitioner did not show that his

3   attorney's performance fell below the standard of objective reasonableness. (*Id.*) Plaintiff

4   alleges that his attorney should have performed a more thorough investigation, yet even

5   Petitioner relies on *Strickland v. Washington*, 466 U.S. 668, 691 (1984), which held that

6   "Counsel has a duty . . . to make a reasonable decision that makes particular investigations

7   unnecessary." (*Id.* at 5–6.) Petitioner has not shown that his counsel's performance was

8   deficient. Petitioner's counsel determined that the government would be able to prove actual

9   financial loss by at least ten victims. That determination was reasonable because the conspiracy

10  involved three identity-theft victims, nine financial institutions, and eight car dealerships. (*See*

11  Indictment (CR Dkt. No. 18).)[1] Further, counsel reasonably encouraged Petitioner to agree to

12  the two-point sentencing enhancement in exchange for both the government's offer of a three-

13  point sentencing reduction for taking responsibility and the dismissal of four counts of

14  aggravated identity theft and Social Security fraud. (Plea Agreement 7 (CR Dkt. No. 51).)

15  Petitioner makes no showing that the government would have offered the three-point

16  sentencing reduction absent the agreement. Absent a plea agreement, the aggravated-identity-

17  theft charges would have added at least two years and at most eight years to Petitioner's

18  sentence. *See* 18 U.S.C. § 1028A(b)(2). Counsel's advice to Petitioner was based on a

19  reasonable weighing of the benefits of the plea agreement; the performance was not deficient.

20  *See Strickland*, 466 U.S. at 690 ("[T]he court should recognize that counsel is strongly

21  presumed to have rendered adequate assistance and made all significant decisions in the

22  exercise of reasonable professional judgment.").

23  Fifth, Petitioner objects to the report's conclusion that he failed to establish prejudice as

24

25

26  [1] The Court refers to "Dkt." when citing the docket for the § 2255 motion and to "CR Dkt." when citing the docket for the underlying criminal matter CR07-346-JCC.

ORDER, C09-1137-JCC-BAT
PAGE - 3

1    a result of his attorney's allegedly deficient performance. (Objections 6 (Dkt. No. 38).) In

2    particular, Petitioner claims that the evidence establishes that the government would have been

3    unable to prove that ten or more victims sustained actual loss. (*Id.* at 7.) Given the number of

4    potential victims previously discussed, the evidence does not establish the government would

5    have been unable to prove that ten or more victims sustained financial loss. Moreover,

6    Petitioner asks the Court to modify the plea agreement by eliminating the two-point

7    enhancement. (Pet'r's Evidentiary Hr'g Br. 1–2 (Dkt. No. 32).) As previously discussed,

8    Petitioner does not allege that he would have insisted on going to trial absent counsel's advice,

9    and the Court cannot simply change the plea agreement to make it more favorable to

10   Petitioner.[2]

11          Sixth, Petitioner objects to the recommendation that the Court deny a certificate of

12   appealability, claiming that he presented "material and debatable" questions. (Objections 7

13   (Dkt. No. 38).) This Court concludes that no jurists of reason could disagree that Petitioner

14   failed to meet at least one of the prongs needed to show ineffective assistance of counsel.

15   Additionally, no reasonable jurist would disagree with the Court's earlier conclusion that

16   Petitioner waived his right to collaterally challenge his sentence. (*See* (Order Adopting Report

17   & Recommendation (Dkt. No. 22).)

18          //

19          //

20          //

21          //

22          //

23

24   _____

25          [2] Petitioner does not object to the report's conclusion that Petitioner omitted all
     argument regarding his claims to error in the filing of a notice of appeal and his criminal-
     history calculation.

26

ORDER, C09-1137-JCC-BAT
PAGE - 4

1    For the foregoing reasons, the Court DENIES Petitioner's remaining habeas claims and

2    DISMISSES his 28 U.S.C. § 2255 motion with prejudice. Further, the Court DENIES the

3    issuance of a certificate of appealability.

4    DATED this 15th day of October, 2010.

5

6

7    _____

8    John C. Coughenour
     UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER, C09-1137-JCC-BAT
PAGE - 5